**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENN A. OCKER,

                Plaintiff - Appellant,

v.

CAROLYN W. COLVIN,

                Defendant - Appellee.

No. 13-56487

D.C. No. 5:12-cv-01510-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Submitted November 3, 2014[**]

Before:     Thomas, Chief Judge, Nelson, and Leavy, Circuit Judges.

      Glenn A. Ocker appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Ocker's application for disability

insurance income under Title II of the Social Security Act. Ocker alleged

disability due to the effects of a brain aneurysm. He contends that the

administrative law judge ("ALJ") erred in interpreting examining psychologist Dr.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Laura Seibert's opinion concerning Ocker's mental limitations when the ALJ assessed his residual functional capacity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id*.

The ALJ found that Ocker had the residual functional capacity to perform work at all exertional levels, but had non-exertional limitations that he could only perform simple repetitive tasks by demonstration, could adapt to changes in the workplace that were concrete in nature, and should avoid moving equipment, heights, and being in charge of the safety of others. At step five of the sequential analysis, the ALJ held that Ocker could perform jobs that exist in significant numbers in the national economy such as production helper, tender-helper, and field worker.

Substantial evidence supports the ALJ's residual functional capacity assessment that Ocker could perform simple repetitive tasks learned by demonstration. The ALJ gave "considerable weight" to Dr. Seibert's opinion, as well as "great weight" to the testimony and opinion of testifying medical expert Dr. Craig C. Rath. The ALJ accounted for Dr. Seibert's findings regarding Ocker's

2

short-term memory loss and impaired ability to learn new information in evaluating Ocker's residual functional capacity. Although Dr. Seibert expected Ocker to be "permanently disabled," the ALJ reasonably concluded that Dr. Seibert was referring solely to Ocker's inability to return to his past work as a podiatrist. In addition, the ALJ gave great weight to Dr. Rath's testimony which interpreted Dr. Seibert's report to mean that Ocker could perform simple, repetitive tasks. The ALJ reasonably construed and credited the medical opinion evidence of both Dr. Seibert and Dr. Rath in reaching his residual functional capacity determination. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (an ALJ is given authority and duty to interpret the medical evidence); *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (Commissioner's "findings are upheld if supported by inferences reasonably drawn from the record.")

Accordingly, substantial evidence supports the ALJ's determination that Ocker was not disabled within the meaning of the Social Security Act.

**AFFIRMED**.